Littleton, Judge,

delivered the opinion of the court:
Upon the facts in this case three questions arise: (1)' Whether upon a proper construction of a contract as changed on June 11, 1934, in view of the facts and surrounding circumstances, the unit price agreed upon between plaintiff' and the contracting officer in the change order, pursuant to the understanding with plaintiff and the direction of the-Chief of Engineers, applied to all rock and common excavation removed under the entire contract from the beginning-to the end of the work. (2) Whether plaintiff is estopped from claiming the additional amount by implied acquiescence. And (3) In the event the language of the changed. *575 portion of the contract is not susceptible of the construction that the new and revised unit prices were to apply to all excavation under the contract, was there a mutual mistake of fact in reducing the agreement of the parties to writing.
Defendant contends that plaintiff is precluded by his voluntary acceptance of the payment in December 1933 on a preliminary estimate of work performed to that date, and that the contract, as changed on June 11, 1934, is clear, definite, concise,-and free from ambiguities and relates wholly and specifically to future payments to be made thereunder for excavations thereafter to be made.
Upon the facts and circumstances clearly disclosed by the record, we are of opinion that plaintiff is entitled to recover. At this point it should be stated that the defendant did not call as a witness in the case the contracting officer, who, by direction of the chief of engineers, negotiated and agreed with plaintiff with reference to the change in the contract. The contracting officer and plaintiff arrived at an agreement with reference to the revised unit prices and with reference to the effect of their application to the work called for by the contract. The evidence shows without contradiction that the parties reached an agreement that on the basis of estimated quantities (actual quantities excavated to govern in final payment) from the beginning of the work, the price for rock excavation, including drilling and shooting, should be $8.75 a cubic yard and for common exacavation it should be $1.50 a cubic yard. As we read the change order of June 11, 1934, which was drafted on May 29, 1934, by the contracting officer in collaboration with the president of plaintiff organization pursuant to the agreement they reached, it is not inconsistent with the established fact that the revised prices were to apply to both rock and common excavation from the beginning of the work. The reduced price for common excavation was applied to all common excavation by plaintiff, both before and after the date of the change. The fact that the language of the change order did not specifically refer to the prior preliminary estimate and payment is not conclusive. Neither is the statement in the change order that “in consideration of the changes herein referred to, payments are to be made semi-monthly on the *576 following basis.” Of course, payments for work performed and not fully paid for were to be made in the future. Plaintiff resumed dredging early in May 1934, and all work done-between that date and June 11, the date of the change, was-paid for at the revised and changed unit prices agreed upon.At the very beginning the change order recited as follows “It has been determined that in view of your having encountered during the progress of the work sub-surface and latent conditions shown on the drawing or-indicated in the specifications * * *” materially different from those contemplated originally, etc. This language indicates, if it-indicates anything, that the revised prices were intended to-apply to all the work performed by plaintiff under the contract because it had encountered the conditions mentioned. In any event the precise meaning of the change order is sufficiently indefinite to authorize proof of the intent and understanding of the parties who entered into it and as to what was the actual agreement. In addition to the fact established by plaintiff that the unit prices specified in the change order were intended by both parties to apply to all work performed under the contract, there are other facts and circumstances disclosed by the record which show that this was the view of the contracting officer. The earlier payment on December 21, 1933, because of which this controversy arises, was a preliminary payment based upon an arbitrary estimate of 1,100 cubic yards of rock excavation which would not have been made under ordinary circumstances, but which was made, as stated by the contracting officer, because of considerable money expended in preliminary work in assembling the plant and in experimentation. All the work that plaintiff had done was in the nature of explorations to determine the actual condition of the bed of the channel because of conditions encountered when it-first began work. During the same time the Government was engaged in making investigations and explorations for the same purpose. By reason of the exploration work performed by plaintiff over the entire area to determine thef actual conditions as to the character of the work called for by the contract, plaintiff had by December 19, 1933, ex *577 pended over $30,000 in preparation for the performance of. work called for by the contract and requested that a preliminary estimate be paid because of these expenditures. That was the basis on which, and the reason for, the payment which the contracting officer made December 21, 1933.-'At that time plaintiff had protested that conditions were-materially different and had requested an increase in the unit price for rock excavation. The excavation done up to’ the time of this payment had been purely for the purpose of experimentation of the actual conditions over the entire area to be dredged, and, notwithstanding the preliminary or* subsequent estimates, final payments were, according to the terms of the contract, to be based upon actual quantities of both common and rock excavation under the entire contract, ■ and it was so recognized at the time this preliminary payment was made.
In addition, it appears that shortly after the change order was drafted and signed by plaintiff the contracting" officer prepared a revised voucher no. 1 for an additional, payment at the new rate for rock excavation for the preliminary estimate of 1,100 cubic yards of rock excavation' on the basis of which plaintiff had theretofore been paid at the old unit price of $5.81 per cubic yard. The additional amount shown in this revised voucher no. 1 was not immediately paid and in the final estimate for all work performed under the contract, the contracting officer computed all the work, drilling, shooting, and excavating, under the contract from the beginning of the contract, October 16, 1933, until its conclusion November 3, 1934, at the revised contract price of $8.75 for rock excavation. He also computed all the common excavation from the beginning of the work at the revised contract price of $1.50 a cubic yard. The total amount shown and certified to by plaintiff and the contracting officer as earned in the final estimate included the sum of $3,234 involved in this suit. The Comptroller General disallowed and refused to approve for payment the last-mentioned amount of $3,234.
From the foregoing it seems clear that at all times the plaintiff and the contracting officer regarded the revised *578 prices, both as to rock and as to common excavation, as applying to the entire contract from its beginning to its end. We think the language of the change order is susceptible, on its face, to that interpretation.
If the changed portion of the contract is not susceptible of the interpretation that it was to apply to all the work done under the contract, there was, in view of the facts disclosed by the record, a mutual mistake of fact and the contract should be reformed to express the true agreement of the parties, namely, that the unit prices set forth in the change order applied to the entire contract.
It is clear that the plaintiff is not estopped by reason of the acceptance of the preliminary payment made under the original estimate no. 1 in December 1983. The case of Joice v. United States, 51 C. Cls. 439, upon which counsel for defendant relies, is clearly not in point. In that case the facts disclosed that upon several of the vouchers which plaintiff signed, and certified that the amount was correct and unpaid, were items showing the very pieces of lumber which that case concerned. Joice made no protest of any kind, did not object to any payments being otherwise than they purported to be, and received and collected all the intermediate payments, and, also, the final payment in full of the amount stated for the work called for. The claim involved in that case was not presented to the Department until more than six months after the final payment had been made and received without protest and the whole matter had been closed. In the case at bar plaintiff, prior to the first preliminary estimate and payment, had protested to the contracting officer who made the payment that the conditions encountered were materially different from those contemplated by the contract and specifications, and that the prices specified in the contract were inadequate for the work being performed. Such protest and request for an increase in the contract price was never withdrawn but was pursued and prosecuted by plaintiff diligently and was finally allowed and the contract was changed accordingly. The contract price was increased on the very ground requested by plaintiff. Neither is the case of Southern Pacific *579 Co. v. United States, 268 U. S. 263 in point. In that case the court said “But to constitute acquiescence within the meaning of this rule, something more than acceptance of the smaller sum without protest must be shown.” Plaintiff requested the first payment merely as a preliminary payment, namely, on account of the large expenditures theretofore made. The preliminary estimate and payment were made by the contracting officer for the same reasons. The subsequent acts of both parties show that plaintiff not only continued to seek higher prices for all the work called for by the contract, but was successful in obtaining them./ Plaintiff is entitled to recover $3,234, and judgment will be entered accordingly. It is so ordered.
Whaley, Judge; Williams, Judge; GkeeN; Judge; and Booth, Chief Justice, concur.